# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JESSICA HUGHES                                                                  PLAINTIFF

v.                                          Civil No. 3:18-cv-00044-GHD-JMV

CITY OF SOUTHAVEN, *et al.*                              DEFENDANTS

## MEMORANDUM OPINION

The Court has before it a motion for dismiss [18] filed by Defendants DeSoto County, Mississippi and Sheriff Bill Rasco. Having considered the matter, the Court finds the motion should be granted in part and denied in part.

### Background

Plaintiff Jessica Hughes claims that on February 9th, 2018, Defendants arrested her in violation of her constitutional rights. According to the complaint, Hughes was seated in the passenger seat of her car, parked at a restaurant, while she waited on her husband inside. Am. Compl. [1] ¶¶ 12. Defendant Croy[1], a Southaven police officer, approached Hughes in the car and informed her that the car had been parked in a handicap space. *Id.* ¶¶ 13-14.

Croy questioned Hughes, and according to Hughes, he became very hostile in his questioning. *Id.* ¶¶ 16-17. Hughes called the 911 emergency line in order to reach Croy's supervisor, but the dispatcher hung up on her. She called back, and the dispatcher gave her a local number to contact. *Id.* ¶ 18.

Hughes dialed the local number three times, unable to reach anyone each time. As she made the third call, Croy arrested her for dialing the emergency line multiple times for a non-

---

[1] The complaint does not provide Croy's first name.

emergency. *Id.* ¶ 21. At this, time Hughes is currently facing pending criminal charges stemming from the arrest in the Southaven Municipal Court. *Id.* ¶ 26.

Hughes filed the present suit alleging several § 1983 claims and seeking injunctive relief, prohibiting Defendants from "committing conduct of the like, kind, character, and nature as demonstrated and described in this complaint." *Id.* ¶ 28.

## Younger Abstention

DeSoto County and Sheriff Rascoe argue that because Hughes still faces pending criminal charges arising out of this incident, the *Younger* doctrine requires this court to abstain from considering Hughes' claims and to dismiss them.

The *Younger* doctrine requires federal courts to abstain from "hearing claims for injunctive and declaratory relief '[when] assumption of jurisdiction . . . would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.'" *Floyd v. Amite Cnty. Sch. Dist.*, 376 F.Supp.2d 693, 695 (quoting *La. Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995)) (alteration in original). The doctrine is applied to claims of equitable relief when three conditions are met: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982)).

### 1. Interference with a state judicial proceeding

The parties agree that the pending charges in the Southaven Municipal Court are state judicial proceedings. However, that does not end the Court's inquiry into the first condition; it is still necessary to determine whether this proceeding will interfere with the state proceeding.

2

Hughes argues it will not because she seeks to enjoin the Defendants here from committing the alleged constitutional violations they committed here in the future, rather than seeking to enjoin or enforce any conduct in her state case.

Direct interference is not required to satisfy the first condition of the *Younger* doctrine, however. Rather, "[i]nterference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Bice*, 677 F.3d at 717 (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)).

To grant Hughes injunctive relief, this Court would first have to determine whether the conduct of Defendants violated her constitutional rights. In doing so, the Court would have to determine whether Defendants arrested Hughes without probable cause to believe she committed a crime. And in doing that, this Court would make determinations that would affect the state court proceeding, such as whether the charges brought against Hughes were valid. This is the sort of indirect interference that merits *Younger* abstention. The first condition is met.

### 2. Important state interest

The parties agree that an important state interest—the enforcement of criminal laws—is present. The second condition is met.

### 3. Adequate opportunity to raise constitutional challenges

Hughes argues that the municipal court is unable to grant her the far reaching injunctive and declaratory relief she seeks. The relevant inquiry however, is whether, "the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." *Gates v. Strain*, 885, F.3d 874, 880 (5th Cir. 2018) (emphasis in original). Despite Hughes' assertion otherwise, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). The third condition is met.

3

### 4. *Younger* Exceptions

Because the conditions of the *Younger* doctrine are satisfied, the Court must abstain unless the plaintiff shows:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) application of the doctrine was waived.

*Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (internal quotations omitted).

Hughes contends that the state court proceedings in this matter were brought in bad faith. The "bad faith" exception applies in two circumstances: "first, when a state commences a prosecution or proceeding to retaliate for or to deter constitutionally protected conduct; and second, when the prosecution is taken in bad faith or for the purpose to harass." *Bishop v. State Bar of Texas*, 736 F.3d 292, 294 (5th Cir. 1984). This exception "is narrow and should not be granted parsimoniously." *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985). Hughes bears a "heavy burden" to show this exception applies. *All Am. Check Cashing, Inc. v. Corley*, 191 F. Supp. 3d 646, 660 (S.D. Miss.), *aff'd*, 671 F. App'x 275 (5th Cir. 2016). She must show that state officials proceeded "without hope of obtaining a valid conviction." *Gates*, 885 F.3d at 881 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27 L.Ed. 2d 701 (1971)).

Hughes fails to meet that burden. In her complaint, she admits to calling 911 at least twice to speak to the officers' supervisor. She does not provide evidence that the officers arrested her and initiated the criminal prosecution against her in order to harass her rather than because she appeared to make repeated phone calls to emergency services.

4

The conditions of the *Younger* doctrine having been met, and because no exception applies, the Court must abstain from hearing Hughes request for an injunction, and the Defendants' motion should be granted in that respect.

**1983 Damages Claims**

Unlike claims for injunctive relief, the *Younger* doctrine is not applicable to claims for monetary relief. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir.1994). And even if the requirements of the *Younger* doctrine are met with respect to injunctive relief, "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988).

The state court proceeding is a criminal one. Hughes will be unable to obtain monetary relief in that proceeding because its sole purpose is to adjudicate Hughes' guilt of the crimes of which she has been charged. Therefore, this Court cannot dismiss her claims for money damages. *See Lewis*, 20 F.3d at 125 (holding § 1983 claims for damages must be stayed because claims "for monetary relief will not be addressed in [a] state criminal prosecution."); *Ballard v. Wilson*, 856 F.2d 1568, 1572 (5th Cir. 1988) (same). Rather, they will be stayed "pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014)(citing *Deakins*, 484 U.S. at 202, 108 S. Ct. 523.)

**Conclusion**

Because the injunctive relief Hughes seeks would interfere with a pending state proceeding, the *Younger* doctrine requires this Court abstain from hearing the claim. However, because Hughes also seeks monetary relief that she will be unable to obtain in the pending state proceeding, this Court cannot dismiss this case outright. Accordingly, Defendants motion should be granted to the extent it seeks dismissal of Hughes' claim for an injunction, and denied to the extent it seeks

5

dismissal of Hughes' claims for damages. The remaining claims should be stayed pending the resolution of the state court proceedings.

A separate order consistent with this opinion shall issue.

This, the 17th day of May, 2018.

_____
SENIOR U.S. DISTRICT JUDGE