## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**JESSICA HUGHES**                                                 **PLAINTIFF**

**v.**                                    **CAUSE NO: 3:18-CV-044-GHD-JMV**

**CITY OF SOUTHAVEN, MISSISSIPPI,**
**POLICE CHIEF STEVE PIRTLE, IN HIS OFFICIAL**
**CAPACITY, DESOTO COUNTY, MISSISSIPPI,**
**SHERIFF BILL RASCO, IN HIS OFFICIAL CAPACITY,**
**DEPUTY SHERIFF "JOHN" TIDWELL, IN HIS OFFICIAL**
**CAPACITY, OFFICER P. CROY, IN HIS INDIVIDUAL AND**
**OFFICIAL CAPACITY, DIRECTOR CHAD WICKER, IN HIS**
**OFFICIAL CAPACITY, CORRECTIONAL OFFICER CANDACE**
**MCELHANEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,**
**CORRECTIONAL OFFICER JAMES THEODORE PIERCE, IN HIS**
**INDIVIDUAL AND OFFICIAL CAPACITY, LINE OFFICER**
**JENNIFER RENEE KING, IN HER INDIVIDUAL AND OFFICIAL**
**CAPACITY, and JOHN DOES 1-5, IN THEIR INDIVIDUAL**
**AND OFFICIAL CAPACITIES**                            **DEFENDANTS**

### THIRD AMENDED COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff Jessica Hughes (hereinafter "Plaintiff"), by counsel, and files this, her *Third Amended Complaint* against the Defendants, City of Southaven, Mississippi, Police Chief Steve Pirtle, In his Official Capacity, Desoto County, Mississippi, Sheriff Bill Rasco, In his Official Capacity, Deputy Sheriff "John" Tidwell, In His Official Capacity, Officer P. Croy, In his Individual and Official Capacity, Director Chad Wicker, In His Official Capacity, Correctional Officer Candace McElhaney, In Her Individual and Official Capacity, Correctional Officer James Theodore Pierce, In His Individual and Official Capacity, Line Officer Jennifer Renee King, In Her Individual and Official Capacity, and John Does 1-5, In Their Individual and Official Capacities (hereinafter "Defendant City," "Defendant Chief Pirtle," "Defendant Desoto County," "Defendant Sheriff Rasco," "Defendant Deputy Tidwell," "Defendant Officer Croy," "Defendant

Director Wicker," "Defendant CO McElhaney," "Defendant LO King," "Defendant CO Pierce," "Defendant Does," or collectively "Defendants"), and alleges the following:

<u>PARTIES</u>

1. Plaintiff is an adult resident citizen of Mississippi, residing at 509 Windmere Drive, Grenada, Mississippi 38901.

2. Defendant City is a city entity that may be served with process by service on Andrea Mullen, City Clerk, 8710 Northwest Drive, Southaven, Mississippi 38671.

3. Defendant Chief, employed with the City of Southaven, MS, is an adult resident citizen of the Mississippi, and he may be served with process at 8691 Northwest Drive, Southaven, MS 38671.

4. Defendant Desoto County is a governmental entity existing in the State of Mississippi, and may be served with process upon Misty Heffner, Chancery Clerk, at 2535 Highway 51, Room 100, Hernando, MS 38632.

5. Defendant Sheriff Rasco, employed with the DeSoto County Sheriff's Department, is an adult resident citizen of Mississippi, and he may be served with process at 3091 Industrial Drive West, Hernando, MS 38632.

6. Defendant Deputy Tidwell, employed with the DeSoto County Sheriff's Department, is an adult resident citizen of Mississippi, and he may be served with process at 3091 Industrial Drive West, Hernando, MS 38632.

7. Defendant Officer Croy, employed with the City of Southaven's Police Department, is an adult resident citizen of Mississippi, and he may be served with process at 8691 Northwest Drive, Southaven, MS 38671.

8. Defendant Director Wicker, employed as Director of Detention Services of the DeSoto County Adult Detention Facility, is an adult resident citizen of Mississippi, and he may be served with process at 3425 Industrial Drive West, Hernando, MS 38632.

9. Defendant CO McElhaney, employed with DeSoto County Adult Detention Center, is an adult resident citizen of Mississippi, and she may be served with process at 3425 Industrial Drive West, Hernando, MS 38632.

10. Defendant LO King, employed with DeSoto County Adult Detention Center, is an adult resident citizen of Mississippi, and she may be served with process at 3425 Industrial Drive West, Hernando, MS 38632.

11. Defendant CO Pierce, employed with DeSoto County Adult Detention Center, is an adult resident citizen of Mississippi, and he may be served with process at 3425 Industrial Drive West, Hernando, MS 38632.

12. Defendant Does, employed with the DeSoto County Sheriff's Department, are adult resident citizens of Mississippi, and he/she may be served with process at 3091 Industrial Drive West, Hernando, MS 38632.

## JURISDICTION and VENUE

13. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

14. Jurisdiction of this court also arises under 28 U.S.C. §1331, 1343(a), 42 U.S.C. §1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

15. This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Desoto County, Mississippi and involves a constitutional question.

16. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Desoto County, Mississippi.

<u>UNDERLYING FACTS</u>

17. On or about February 9th, 2018, Plaintiff and her family went to Steak and Shake Drive-Thru in Southaven, MS, after her daughter's basketball game. The staff at Steak and Shake got the order wrong in the drive-thru, so Plaintiff and family parked in the front of the establishment.

18. As they sat in the parking lot, Plaintiff saw a ton of flashing lights and noticed the police came had barricaded the vehicle in the lot. Defendant Officer Croy began to shine his flashlights inside of the truck, around the truck, and underneath the truck.

19. Plaintiff politely asked Officer Croy if there was a problem, and he yelled, "Yea, there's a problem, you're parked in handicap." Plaintiff looked in front and saw that they were, in fact, in front of a handicap sign. Plaintiff assured Defendant Officer Croy that they didn't intentionally mean to park there and that the vehicle was still running. Additionally, Plaintiff told Officer Croy that she and her family had just came out of the drive-thru line and they only pulled into the front of the restaurant so Joshua Hughes, Plaintiff's husband, could run inside to get their order corrected. They parked in the handicap lot because it was raining.

20. Plaintiff apologized to the officer for parking there, that she would move the vehicle, and asked if he could just give them a warning. Officer Croy completely ignored Plaintiff's efforts and asked for Plaintiff's ID. Plaintiff hesitated because she was clearly not the driver (she exited the vehicle from the passenger side) and wondered why would Officer Croy need her ID. Nevertheless, Plaintiff complied and gave Officer Croy her ID.

21. Officer Croy looked Plaintiff up and down and asked "do you have any warrants?" Plaintiff responded "no." Officer Croy then asked "do you have any weapons or drugs?" As Officer Croy proceeded to question Plaintiff, Officer Brittan arrived to the scene. Plaintiff became more confused and afraid of what was going on. Plaintiff asked Officer Croy where the line of questioning was stemming from. Plaintiff explained that she was in the military and that she had children in the car. Plaintiff explained again that they had just left her daughter's basketball game and asked Officer Croy if he could write them the citation and let them go because it was raining.

22. At this moment, Officer Croy began to get hostile and very aggressive, yelling at Plaintiff, and invading her personal space. Plaintiff believes this was an attempt to provoke her. Plaintiff stated that she was going to call Officer Croy's supervisor for assistance and to report his actions.

23. Plaintiff asked Officer Brittain if he could call the supervisor on duty. Officer Brittain responded, "No, but you can call them." Plaintiff asked for the name of the supervisor and Officer Brittain stated "Captain Crites." Plaintiff proceeded to call 9-1-1. When the dispatcher answered, Plaintiff requested to that a supervisor come to the Steak and Shake in Southaven. Plaintiff reported that there was an officer on the scene being very aggressive and she really wanted someone to come out. The dispatcher asked if it was an emergency.

Plaintiff told him "yes," and the dispatcher hung up. She called 9-1-1 back and asked for a supervisor once again. Plaintiff is not a resident of Southaven; therefore, she was not aware of the telephone number to the police station. The dispatcher guy told her "don't call this number if it is not an emergency." Plaintiff informed him that it was an emergency, but if he did not want her, could he give her another number to call. The dispatcher gave her the following number: 662-393-0228.

24. By this time, Josh (Plaintiff's husband) exited the restaurant, and he looked completely baffled. Plaintiff informed her husband that they were getting a citation for parking in a handicap space. Officer Croy requested Mr. Hughes' ID and asked him to sit inside the SUV. Mr. Hughes gave Officer Croy his ID, but refused to have a seat inside the truck because Officer Croy was overly aggressive with his hand on his taser.

25. Plaintiff called the 393 number again in an effort to get someone to the scene who could de-escalate the situation, but Captain Crites refused to get on the phone. At this time, Mr. Hughes overheard Officers Croy and Brittain stating that they could arrest Plaintiff for 911 abuse.

26. At this moment, a third officer arrived. After Plaintiff told this unidentified officer what was going on, he told her to file a complaint during regular business hours because no one was going to listen to her now. Plaintiff realized no one on the scene was going to call Officer Croy out on his actions, so she dialed the 393 number again. As she was on the phone, Officer Brittain said, "You've called 911 five times. That is misuse of 911." Plaintiff stated "no, I only called 911 twice." In the midst of me speaking, Officer Croy came over and asked her to step out of the vehicle. Plaintiff asked him why, and Officer

Croy stated that she was under arrest for mis-use of 9-1-1. Plaintiff asked how is that a misuse of 9-1-1, and he responded with "for dialing for a non-emergency."

27. As a result, Plaintiff was arrested and charged with misuse of 911 and transported to the Southaven Police Department. Plaintiff was not Mirandized prior to being cuffed and placed in the patrol car. There were three other males in the cell (2 Caucasian males and 1 Asian male).

28. Plaintiff wasn't allowed to bond out of the Southaven Police Department, but the two Caucasian males (on drug charges) were permitted to bond out. Thereafter, Plaintiff and Chi Yu Lau (Asian male) were transported to the DeSoto County Jail.

29. When Plaintiff arrived at the DeSoto County Jail, there were four other females in the holding area: 1 Caucasian and 3 African American. Plaintiff and the other African American women were discriminated against when forced to strip down and put on the pink jumpsuits, while the Caucasian lady was permitted to remain in her regular clothes. This specific action on the part of Defendant DeSoto County was conducted in violation of Plaintiff's 14th Amendment Rights.

30. At all times relevant herein, Defendants Director Wicker, CO McElhaney, CO Pierce, and LO King were employees of the DeSoto County jail (DeSoto County Adult Detention Center), acting within the scope of their employment, at the time of Plaintiff's detainment.

31. Plaintiff was bailed out of the DeSoto County Jail on February 10th, 2018 (the following day) on a cash bond in the amount of Two Hundred Seventy-Five Dollars ($275.00).

32. As a proximate result of the Defendants' negligent actions, Plaintiff sustained injuries and damages. Plaintiff's criminal charges are still pending within the Municipal Court of Southaven, Mississippi.

**COUNT ONE**
**INJUNCTION PROHIBITING FUTURE CONDUCT**
**OF A SIMILAR CHARACTER, KIND OR NATURE**

33. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

34. The Plaintiff is entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, and nature as that demonstrated and described in this complaint at any time in the future within the subject jurisdiction.

**COUNT TWO**
**VIOLATION OF 42 U.S.C. 1983: ARREST**

35. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

36. At all times relevant herein, the conduct of Defendants City, Police Chief Pirtle, Officer Croy, and Does were subject to 42 U.S.C. §§1983, 1985, 1986, 1988.

37. Acting under color of law, Defendants City, Police Chief Pirtle, Officer Croy, and Does worked to deny Plaintiff's rights, privileges, and immunities secured by the United States Constitution or by Federal Law in the following manner:

   a. By depriving Plaintiff of her liberty without due process of law, by taking her into custody and holding her there against her will;

   b. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of law;

   c. By refusing or neglecting to prevent such deprivation and denials to Plaintiff, thereby depriving Plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

**COUNT THREE**

**VIOLATION OF 42 U.S.C. §1983: DETENTION AND CONFINEMENT**

38. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

39. As a result of Defendants' City, Police Chief Pirtle, Officer Croy, County, Sheriff Rasco, Deputy Tidwell, CO McElhaney, LO King, CO Pierce, and Does unlawful and malicious detention and confinement of Plaintiff, these Defendants deprived Plaintiff of both her right to liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth amendments of the Constitution of the United States and of 42 U.S.C. §1983.

**COUNT FOUR**
**VIOLATION OF 42 U.S.C. §1983: REFUSING OR NEGLECTING TO PREVENT**

40. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

41. At all times relevant to this Complaint, Defendant Officer P. Croy was acting under the direction and control of Defendant Pirtle and Defendant City.

42. Acting under color of law and pursuant to official policy and custom, Defendant City and Pirtle knowingly or recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant Officer P. Croy in his duties to refrain from:

    a. Unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional statutory rights, privileges, and immunities;

    b. Unlawfully and maliciously arresting and prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

    c. Conspiring to violating the rights, privileges, and immunities guaranteed to the Plaintiff by the Constitution and laws of the United States and the laws of the State of Mississippi; and

    d. Otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

43. Defendants City and Police Chief Pirtle had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants City and Police Chief Pirtle had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

44. Defendants City and Police Chief Pirtle directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Pirtle and Officer P. Croy heretofore described.

45. As a direct and proximate cause of the negligent and intentional acts of Defendants City, Police Chief Pirtle, and Officer Croy as set forth in the paragraphs above, Plaintiff suffered severe physical injury and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

**COUNT FIVE**
**VIOLATION OF 42 U.S.C. §1983: 1ST AMENDMENT RIGHTS**

46. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

47. As a result of Defendants' City, Police Chief Pirtle, Officer Croy and Does unlawful and malicious arrest, detention and confinement of Plaintiff, Defendants City, Police Chief Pirtle, Officer Croy, and Does deprived Plaintiff of her right to freedom of speech and to petition the government, and the due course of justice was impeded, in violation of the First amendment of the Constitution of the United States and of 42 U.S.C. §1983.

**COUNT SIX**
**NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE OFFICERS INVOLVED.**

48. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

49. The Defendants, City of Southaven, Chief Pirtle, Desoto County, Sheriff Rasco, and Deputy Tidwell were grossly negligent and/or acted in reckless disregard in failing to monitor the actions of Defendant Croy, CO McElhaney, LO King, CO Pierce, and Does 1-5. They further grossly negligently and/or acted in reckless disregard in failing to monitor the actions of Defendants Croy, CO McElhaney, LO King, CO Pierce, and Does. They further grossly negligently and/or acted in reckless disregard in failing to train the aforementioned Defendant Croy, CO McElhaney, LO King, CO Pierce, and Does to properly protect, investigate, interrogate, or detain the Plaintiff and other similarly situated individuals. Defendants grossly negligently and/or acted in reckless disregard in failing to properly follow and/or apply their own city and law enforcement rules ordinances regulations, policies and procedures, as well as state law generally. The City of Southaven, Mississippi, Chief Pirtle, DeSoto County, Sheriff Rasco, and Deputy Tidwell acted in reckless disregard in failing to properly supervise the actions of Defendants Croy, CO McElhaney, LO King, CO Pierce, and Does.

50. As a direct and proximate result of the Defendants' negligent, grossly negligent, and/or reckless acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SEVEN
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

52. The Plaintiff alleges that the Defendants City, Police Chief Pirtle, Officer Croy, County, Sheriff Rasco, Deputy Tidwell, Director Wicker, and Does intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon her mind, spirit, and body. By condoning and/or ratifying the acts of the officers involved, the aforementioned Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

53. The reprehensible acts of Defendants City, Police Chief Pirtle, Officer Croy, County, Sheriff Rasco, Deputy Tidwell, Director Wicker, and Does demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

54. As a direct and proximate result of the Defendants City, Police Chief Pirtle, Officer Croy, County, Sheriff Rasco, Deputy Tidwell, Director Wicker, CO McElhaney, LO King, CO Pierce, and Does negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT EIGHT
## RECKLESS DISREGARD

55. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

56. Plaintiff would show unto the Court the Defendants City, Police Chief Pirtle, Officer Croy, County, Sheriff Rasco, Deputy Tidwell, CO McElhaney, LO King, CO Pierce, and Does took actions that had reckless disregard for the safety and well-being of Plaintiff.

## COUNT NINE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.

57. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

58. Plaintiff would show unto the Court that the Defendants County, Sheriff Rasco, Deputy Tidwell, and Director Wicker with reckless disregard for Plaintiff's 14th Amendment rights, took actions to deprive Plaintiff of her due process rights and equal protection rights when she was forced to strip from her clothes and put on the pink jail jumpsuit, while the white detainee remained in her personal clothing.

59. Plaintiff would show unto the Court that the Defendants City and Police Chief Pirtle, with reckless disregard for Plaintiff's 14th Amendment rights, took actions to deprive Plaintiff of her due process rights and equal protection rights when the white detainees were allowed to post bail at Southaven Police Department while Plaintiff had to be transported to Desoto County Jail.

60. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## PRAYER FOR APPROPRIATE RELIEF

61. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

62. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

63. All Defendants are jointly and severally liable to the Plaintiff for the damages: past, present and future pain, suffering, and mental and emotional anguish, lost wages, and all other damages to be proved at trial.

64. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent acts/or intentional acts enumerated herein an amount to be determined by this Court.

65. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the

Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

This, the  13th  day of March, 2019.

**JESSICA HUGHES, Plaintiff**

**By:**     _/s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Berkley N. Huskison, Esq.
Mitchell, McNutt & Sams, P.A.
P. O. Box 1366
Columbus, MS 39703-1366
bhuskison@mitchellmcnutt.com
*Attorney for Def. City of Southaven, MS,*
*Police Chief Steve Pirtle and Officer P. Croy*

Katherine S. Kerby, Esq.
Kerby Law Firm, LLC
P. O. Box 551
Columbus, MS 39703
ksearcyk@bellsouth.net
*Attorney for Def. DeSoto County, Mississippi*
*and Sheriff Bill Rasco, in his official capacity*

THIS, the _13th_ day of March, 2019.

/s/ Carlos E. Moore
CARLOS E. MOORE, ESQ.