UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JESSICA HUGHES                                                          PLAINTIFF

v.                                                        Civil No. 3:18-cv-044-GHD-JMV

CITY OF SOUTHAVEN, MISSISSIPPI, *et al.*                                DEFENDANTS

---

## MEMORANDUM OPINION

---

The Court has before it a motion to dismiss filed by Defendants DeSoto County, Mississippi and Sheriff Bill Rasco [49]; a motion to dismiss filed by Defendants Jennifer King, Candace McElhaney, James Pierce, and Chad Wicker [54]; and a motion to dismiss filed by Defendants City of Southaven, Mississippi, Phillip Croy, and Chief of Police Steve Pirtle [66]. Having considered the matter, the Court finds the motions should be granted.

### Background

According to the complaint, Southaven police arrested Jessica Hughes for placing multiple calls to 911 emergency services when there was no emergency occurring. Third Amended Compl. [46] at 5–7, ¶¶ 23–27. After her arrest, Southaven police transported Hughes to the Southaven Police Department. *Id.* at 7, ¶¶ 27–28. There, two white males were permitted to bond out, while Hughes, an African American female, was not. *Id.*

The police then transported her to the DeSoto County Jail, operated by the DeSoto County Sheriff's Department. *Id.* ¶ 29. She was placed into a holding area with three African American women and one white woman. Hughes alleges that she and the other African American women were made to change into pink jumpsuits while the white woman was not. *Id.*

Hughes was eventually convicted of an abuse of 911 charge in the Municipal Court of Southaven and again in a trial *de novo* in the County Court of DeSoto County.

1

Hughes brought this action against the City of Southaven, Police Chief Steve Pirtle in his official capacity, and Officer Philip Croy, the officer who arrested Hughes, in his official and individual capacity[1]; DeSoto County, Sheriff Bill Rasco, Deputy Sheriff John Tidwell, DeSoto County Jail Director Chad Wicker, in their official capacities, and correctional officers Candice McElhaney, James Pierce, and Jennifer King in their official and individual capacities.[2] She alleges that the Southaven police arrested her in violation of her First and Fourth Amendment rights and that Southaven failed to train its officers. She asserts that DeSoto County violated her due process and equal protection rights by detaining her and forcing her, but not the white woman also in lockup, to put on a pink jumpsuit. She also brings state law claims for negligent hiring and supervision, negligent and intentional infliction of emotional distress, and reckless disregard.

The Southaven Defendants filed a motion to dismiss. They argue that Hughes' claims against them are barred by *Heck v. Humphrey*. The DeSoto County Defendants, except for Deputy Tidwell, also filed a motion to dismiss, asserting that some claims against them are also barred by *Heck v. Humphrey* and that the complaint otherwise fails to state a claim.

At the outset, the Court notes that Hughes has not yet served Tidwell. Over 90 days have passed since Hughes filed her third amended complaint, and she has not shown good cause for her failure to serve Tidwell within that time. Accordingly, the Court, on its own motion, dismisses without prejudice, the claims against Tidwell. Fed. R. Civ. P (4)(m).

### 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint

---

[1] Collectively the "Southaven Defendants."
[2] Collectively the "DeSoto County Defendants."

therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Analysis

### I. Federal Claims

*A. First and Fourth Amendment Claims*

In Counts Two and Five, Hughes makes § 1983 claims against all Southaven Defendants for arresting her in violation of her First and Fourth Amendment rights. A municipality cannot be vicariously liable simply because its employee is the tortfeasor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Because Croy is the officer who arrested Hughes, only he can be liable for

violations that arose directly out of the arrest. Accordingly, to the extent Hughes makes § 1983 claims against Southaven and Pirtle based upon the arrest, the Court dismisses those claims.

As to the claim that Croy violated Hughes' constitutional rights by arresting her, that claim is barred by the *Heck* doctrine. The *Heck* doctrine bars a § 1983 tort claim if a determination of that claim in favor of the plaintiff would necessarily imply the invalidity of a related state criminal conviction or sentence. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007). The claim must be dismissed unless the plaintiff can show that the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Id.*

The application of the doctrine to any claim concerning Hugh's arrest is straightforward. Croy arrested Hughes for placing multiple non-emergency calls to 911. She was convicted of that crime. Under the Fourth Amendment, warrantless arrests must be based on probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S. Ct. 588, 593, 160 L. Ed. 2d 537 (2004). Finding that Croy lacked probable cause to arrest Hughes for 911 abuse would necessarily imply the invalidity of her later conviction, obtained using an even higher standard of proof. Hughes does not, and cannot plead, that conviction has been reversed, expunged, or otherwise declared invalid. Thus, her unlawful arrest claim fails.

Moreover, the existence of probable cause generally defeats a First Amendment retaliatory arrest claim. *Nieves v. Bartlett*, ___ U.S.___, 2019 WL 2257157, at *6 (2019). A favorable decision on Hughes' First Amendment claim would also call into question her conviction. Accordingly, her First Amendment retaliation claim is *Heck* barred as well.

Hughes further claims, in Count Four, that Southaven and Pirtle failed to train and supervise Croy and that this failure caused him to violate her constitutional rights. To establish a supervisory liability claim under *Monell*, "a plaintiff must show that (1) an official

4

policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017). "Supervisory liability claims under *Monell* require an underlying constitutional violation and, where the underlying violation is barred by *Heck*, it cannot form the basis for a derivative *Monell* claim." *Williams v. Town of Delhi*, No. CIV.A. 14-00043, 2015 WL 868746, at *7 (W.D. La. Feb. 27, 2015). Since a review of the alleged underlying constitutional violation is barred by *Heck*, Hughes has not stated a supervisory liability claim.

### B. Fifth Amendment Claims

In Count Three, Hughes claims that the Southaven and DeSoto County Defendants' respective detentions of her violated her Fifth Amendment right to liberty.

"The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Hughes does not allege any of the Southaven or DeSoto County defendants are federal actors. Thus, her Fifth Amendment claim fails. To the extent she challenges her continued detention as being without probable cause in violation of the Fourth Amendment, it fails under the *Heck* doctrine as stated above.

### C. Fourteenth Amendment

In Count Three, Hughes vaguely asserts that all defendants violated her Fourteenth Amendment equal protection rights. In Count Nine, she asserts a *Monell* claim against the City of Southaven and DeSoto County. She alleges that Southaven violated her Fourteenth Amendment due process and equal protection rights by permitting white male inmates to bond out but not allow her to do so. She alleges that DeSoto County violated her Fourteenth Amendment rights by requiring her and other African American female detainees to change into pink jumpsuits, without requiring a white female detainee to do the same.

To establish municipal liability under *Monell*, Hughes must plead "facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden v. City of Dallas, Tex*, 825 F.3d 280 (5th Cir. 2016). Hughes pleads no facts that would establish that her treatment at the Southaven Police Department or the DeSoto County Jail resulted from an official policy or custom adopted by Southaven or DeSoto County, respectively. Thus, her claims against the city, the county, and its officers in their official capacities fail.

Her individual claims fail, as well. To state a claim under the Equal Protection Clause, "the plaintiff 'must allege and prove that [she] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir.2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). Although Hughes alleges that she was treated differently than two white males, in that they were permitted to bond out and she was not, she alleges no facts that would show that the unequal treatment stemmed from discriminatory intent. *See id.* (affirming dismissal of equal protection claim where the plaintiff did not allege that unequal treatment was the result of intentional discrimination.). Her Fourteenth Amendment claims in Counts Three and Nine are dismissed.

## II. State Common Law Claims

In addition to her federal § 1983 claims, Hughes asserts common law claims for negligent hiring and supervision, intentional and negligent infliction of emotional distress, and reckless disregard.

Through the Mississippi Torts Claim Act, the state of Mississippi waived the sovereign immunity of itself and its political subdivision "for claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment." Miss. Code Ann. § 11-46-5(1).

The MTCA requires that a plaintiff first provide a notice of claim 90 days before filing suit. Miss. Code Ann. § 11-46-11(1). "[T]he ninety-day notice requirement under section 11–46–11(1) is a 'hard-edged, mandatory rule which the Court strictly enforces.'" *Univ. of Mississippi Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006) (quoting *Ivy v. GMAC*, 612 So.2d 1108, 116 (Miss. 1992)). Hughes did not provide notice to any defendants, at all, before bringing suit. Thus, any action covered by the MTCA is barred. Accordingly, Hughes' negligent hiring and supervision, negligent infliction of emotional distress, and reckless disregard claims against all defendants are dismissed for failing to comply with the MTCA's ninety-day pre-suit notice requirement.[3]

Malicious conduct is not considered to be within the scope of employment, and the state does not waive immunity for that conduct. *Id.* § 11-46-5(2). Intentional infliction of emotional distress does not fall within the scope of the MTCA. *See Weible v. Univ. of S. Mississippi*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011). Because intentional infliction of emotional distress falls outside the MTCA, the state has not waived its immunity or political subdivisions' immunity for that claim. Hughes, therefore, cannot maintain that claim against Southaven, DeSoto County, or the Defendants in their official capacities.

All that remains then is the intentional infliction of emotional distress claims against defendants Croy, McElhaney, Pierce, and King. To establish a claim of intentional infliction of emotional distress, a plaintiff must show that 1) the defendant acted willfully and wantonly towards the plaintiff; 2) the defendant's actions would evoke outrage or revulsion in civilized society; 3) the acts were directed at or intended to cause harm to the plaintiff; 4) the plaintiff suffered severe emotional distress as a direct result of the defendant's actions; and 5) that distress was a foreseeable result of the defendant's actions. *Rainer v. Wal-*

---

[3] Additionally, any state law cause of action arising from defendants' non-intentional actions while Hughes was at the DeSoto County's jail would also be barred by the MTCA's inmate exception. *See* Miss. Code Ann. § 11-46-9 (barring claims against government and employees acting within the scope of their employment by "any claimant who at the time the claim arises is an inmate of any . . . jail").

*Mart Assocs., Inc.*, 119 So. 3d 398, 404 (Miss. Ct. App. 2013). Making a successful intentional infliction of emotional distress claim "is a tall order in Mississippi." *Speed v. Scott,* 787 So.2d 626, 630 (Miss.2001) "[A] plaintiff must show that the defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency." *Senseney v. Miss. Power Co.,* 914 So.2d 1225, 1230 (Miss. Ct. App. 2005).

The Fifth Circuit Court of Appeals has said:

> it is difficult to prove intentional infliction of emotional distress:
> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Haun v. Ideal Indus., Inc.*, 81 F.3d 541, 548 (5th Cir. 1996) (internal quotations omitted)

Concerning Croy, the only conduct he is alleged to have committed is arresting Hughes. Finding his behavior was the kind to evoke outrage would necessarily imply that he arrested Hughes without justification. State law claims premised on the same basis as a *Heck*-barred constitutional claim are also barred by *Heck*. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *see also Manos v. Hawk*, 2015 WL 1737257, at *9 (N.D. Tex. Feb. 27, 2015) ("*Heck*'s logic extends outside of constitutional claims and applies to any claim – including state-law claims – based on factual allegations that are necessarily inconsistent with the validity of a conviction that has been neither reversed, expunged, nor otherwise declared invalid"). Thus, the intentional infliction of emotional distress claim against Croy must be dismissed.

As to McElhaney, Pierce, and King, Hughes alleges that they forced her to change into a pink jumpsuit, but did not require another woman to do so. This conduct does not rise to

the level of outrageousness required by Mississippi law. Therefore, Hughes has failed to state a claim for intentional infliction of emotional distress against them.

### III. Injunctive Relief

Finally, Hughes seeks prospective injunctive relief "prohibiting the Defendants from committing conduct of the like, kind, character, and nature as that demonstrated and described in the complaint" in the future. The Court previously dismissed this claim under the *Younger* abstention doctrine while criminal proceedings against Hughes were ongoing. *See* Mem. Op. [27]. The criminal proceedings against Hughes have terminated, and Hughes seeks a prospective injunction that would not interfere with any pending state proceeding. The Court, therefore, does not find that *Younger* abstention should apply to her current claim for injunctive relief. *See Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (*Younger* abstention applies when, among other requirements, "the federal proceeding would interfere with an ongoing state judicial proceeding").

However, Hughes' claim for injunctive relief fails for the same reasons as her claims for monetary relief. Requests for injunctive relief, like claims for damages, are barred by *Heck* when a favorable ruling would necessarily imply the invalidity of an underlying conviction. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). A favorable decision regarding Croy's actions would imply that he arrested Hughes without possible cause, necessarily calling into question her subsequent conviction. Thus any claim for injunctive relief arising from Croy's actions is *Heck* barred. And as already set forth in this opinion, Hughes has failed to allege a viable claim against the Defendants for any other actions they took. Therefore, her request for an injunction is dismissed.

### Conclusion

For these reasons, the Court finds that Hughes has failed to state a claim for relief for either her federal or state law claims against Defendants DeSoto County, Mississippi, Bill Rasco, Jennifer King, Candace McElhaney, James Pierce, Chad Wicker, the City of

Southaven, Mississippi, Phillip Croy, and Steve Pirtle. Therefore, the claims against these defendants are dismissed. Further, the Court dismisses without prejudice, Hughes claims against Deputy John Tidwell for failure to serve process.

An order in accordance with this opinion shall issue.

This, the 17 day of June 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE